UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIRENIA MARGARITA TORRES TORRES,

      Petitioner,

v.

                                    Case No. 3:26-cv-1972-MMH-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

      Respondents.

## **ORDER**

Petitioner Kirenia Margarita Torres Torres, an immigration detainee, initiated this action by filing through counsel a Verified Petition for Writ of Habeas Corpus (Doc. 1) on August 1, 2026.[1] Torres Torres, a citizen of Cuba, was paroled into the United States on January 1, 2025. Doc. 8-1 at 2. On May 13, 2026, United States Immigration and Customs Enforcement (ICE) detained Torres Torres. Id. at 4. The crux of Torres Torres's Petition is that she

---

[1] Torres Torres also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). On August 5, 2026, the Court granted Torres Torres's request for a temporary restraining order and enjoined Respondents from removing her from the Middle District of Florida through August 18, 2026. See Temporary Restraining Order (Doc. 7). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). <u>See</u> Doc. 1 at 12–19. As relief, she seeks, <u>inter alia</u>, immediate release. <u>Id.</u> at 20.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, 175 F.4th 1258, 1276 (11th Cir. 2026). Although <u>Hernandez Alvarez</u> did not directly address the circumstance of a petitioner, like Torres Torres, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Torres Torres was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. <u>See</u> <u>id.</u> at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.      Torres Torres's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven**

---

[2] Because the Court finds that Torres Torres is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. <u>See</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

**days** of this Order, Respondents shall either afford Torres Torres an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Torres Torres, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2.      Torres Torres's request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of August, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/14
c:
Counsel of Record

3